## Ellis v. City of Pittsburgh

C.P. of Allegheny County, no. GD 90-13499.

*Anita M. Scaglione,* for plaintiff.
*Craig M. Barkley,* for defendant.

ROSS, *J.,* August 8, 1996—On February 18, 1996, the court after non-jury trial awarded $35,000 to the

plaintiff, Carl Ellis, who brought suit against the defendant, City of Pittsburgh, to recover for injuries suffered during a fall allegedly caused by the failure of the city to maintain and repair or to post warning signs on a staircase in a dangerous state of repair.

The city now moves for post-trial relief by way of judgment non obstante veredicto or by way of new trial. The city complains that under the Political Subdivision Tort Claims Act of October 5, 1980, P.L. 693, no. 142, §221(1), 42 Pa.C.S. §8542(b)(7), plaintiff failed to establish actual notice to the city of the defective staircase or that the city could reasonably be charged with actual notice of the dangerous condition at a time sufficiently prior to the event to have been able to make necessary repairs in the light of equipment, personnel and facilities available. The defendant also argues that the verdict was contrary to the weight of the evidence and excessive.

Plaintiff under Pa.R.C.P. 238 has moved for an award of delay damages in the amount of $12,717.25 computed at the prime rate from the date of filing suit, August 9, 1990, until entry of the verdict.

## THE FACTS

The city steps in question are one of two staircases running downhill from Yale Street to Irwin Avenue. They service the Columbus School and are utilized by students.

On January 13, 1987, the city replaced a missing step on the staircase upon which plaintiff fell. (Tr. 99.) No repairs were made thereafter until after the plaintiff made a complaint of his fall on August 17, 1988. A work request went out October 25, 1988, which showed that it was necessary to replace eight missing railings

and two completely missing steps and five other steps on the subject staircase.

The acting assistant director of public works for the city testified that the construction division is responsible for all city steps but other divisions may do minor repairs. His testimony clearly established that city policy gives the maintenance of city steps a priority and the steps are "inspected and looked at" (p. 48) four or five times a year when bushes are removed from the steps in the growing season and when snow is removed in the winter. The crews report the need for repairs or repairs will be made if a complaint is made.

The city also provides no illumination for these steps.

Plaintiff, now a 36-year-old cook but unemployed on the date of the incident, August 17, 1988, decided, at 2 a.m. to 2:30 a.m., to descend the subject staircase never before used by him. There was no city lighting but the light on a porch at the top of the hill illuminated the outline of the staircase, which consists of a series of steps and landings. The night was clear.

Plaintiff walked down the steps with a normal gait. The handrail was missing. He stepped down. There was no step. He fell under the steps hitting his back on the concrete step above while the retaining rod of the missing step gashed and lacerated his left leg to the extent he later could see the bone. The leg and hand bled. He was carrying a bottle which broke and lacerated his hand.

Rolling to the left of the steps and down to the next level, he at last found a railing. Favoring his injured leg, he slid down the railing to the bottom of the hill where he sat until neighbors carried him home.

He was given surgery, physical therapy and a brace at Allegheny General Hospital for a back fracture and

leg lacerations and numbness. He suffered pain and the fear of not being able to walk. After a week in the hospital, he was confined to his home for a month, forced to use a walker and unable for six weeks to cook and housekeep for his working mother nor to engage in social activities with his children. He again suffered pain. After a year he was fully recovered.

His leg has a scar over six inches long, his hand one over three inches long. His medical bills exceeded $11,000.

The court must conclude on the basis of the credible evidence that between January 1987, and August 1988, at least seven work crews removed snow and bushes from the subject steps with a duty to report missing steps and railings and that in 19 months (August 1988) at least a railing and a step were missing and by 1988, two concrete steps, five partial steps and eight railings were missing from a staircase used by school children and given a priority by the city for repairs.

## THE LAW

The Political Subdivision Tort Claims Act of October 5, 1980, P.L. 693, *supra,* 42 Pa.C.S. §8542(b)(7) restricts recovery to those plaintiffs who have established that the dangerous condition was reasonably foreseeable and that the local agency "had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition."

There is no question that the dangerous condition was reasonably foreseeable. Prior repairs had been made at this location.

Work crews went out to these staircases at least four or five times a year. In the summer they were to remove bushes. Thus, on an average of every three months or more often, crews inspected this staircase which lost four steps and nine railings in 21 months, had at least one or more steps and railings missing and no doubt many more after 19 months.

The city can reasonably be charged with notice of the missing rail and step in the case at hand since it sent cleaning and reporting crews to the location at regular intervals. The condition of the missing step with the retaining rod projecting into space tells the court that this condition was one of more than short duration regardless of how long the rails were missing. Other steps were partially missing in October, telling the court that degeneration was progressive.

The court must conclude that, had the crew reported the deterioration and later missing step after their spring or early summer visits, the city would have had ample time to prevent injury to the plaintiff. This is a case of extreme disrepair, not minor disrepair, in a setting where the stairs are inspected every three months or so, and where steps at first are partially and then later totally deteriorated.

No two reasonable minds would disagree on the propriety of the verdict which is supported by the weight of the credible evidence. The verdict was not excessive in light of the medical costs, pain and suffering and disfigurement. Nor was it against the weight of the evidence.

Therefore, the court will deny the motion for post-trial relief and will grant the motion for delay damages.

## ORDER

And now, August 8, 1996, after consideration of the record and of the motion of the defendant, City of Pittsburgh, for post-trial relief by way of judgment non obstante veredicto or by way of new trial, it is ordered, adjudged and decreed that defendant's motion is denied and judgment is entered in favor of plaintiff, Carl Ellis, in the amount of $47,717.25, including delay damages.